## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POST MEDIA SYSTEMS LLC<br><br>               Plaintiff,<br><br>   v.<br><br>APPLE INC.<br><br>               Defendant. | Civil Action No. 1:19-cv-5538<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Post Media Systems LLC ("Post Media" or "Plaintiff"), for its Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Texas with a place of business at 556 County Road 557, Farmersville, TX 75442.

3. Upon information and belief, Apple is a corporation organized and existing under the laws of California and can be served through its registered agent The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington DE 19801. Upon information and belief, Apple has a regular and established place of business in this District, including at least at 401 North Michigan Avenue, Chicago, IL 60611.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). Upon information and belief, Apple has a regular and established place of business in this District—including at least at 401 North Michigan Avenue, Chicago, IL 60611—and the acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or the Illinois Long Arm Statute, 735 ILCS 5/2-209(c), because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and this District. Upon information and belief, Apple distributes, makes available, sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be used and sold in this judicial district and elsewhere in the United States.

## BACKGROUND

8. This lawsuit initially asserts infringement of four United States patents, Nos. 7,069,310; 7,472,175; 8,725,832; and 8,959,181 (the "patents in suit"), which are part of a

broader family of five issued patents. Alan Bartholomew is the sole inventor on each of the five issued patents.

9. Raised in a family with a Quaker background, Alan Bartholomew studied music and performance with the cello, earning the BFA and MFA degrees from the California Institute of Arts. While studying music he taught himself programming and started a software development business that became a source of income to support his family. While developing office productivity software products for customers, he worked in his spare time to find creative ways of combining his musical interests and software expertise. This led to his developing a way to broadcast audio files over shared networks, now often referred to as podcasting, such as used for entertainment, marketing and educational purposes (*e.g.* for distance learning). His work led to the patents in suit. His research also led to the development of audio and video recording software products that he has successfully sold through his company SoniClear, helping customers record government meetings and court proceedings, including cities, school districts, and courts around the country.

10. Now nearing retirement, and concerned about maintaining his software business in the volatile economy, he has chosen to stay focused on the development of software products related to his SoniClear business rather than developing and patenting new technologies. Having spent much money and effort to develop his inventions and procure patents, Mr. Bartholomew hopes to recoup his costs without incurring financial risk to his family. Mr. Bartholomew turned to Post Media, whose purpose in part is to conduct the work necessary to reward and provide compensation to Mr. Bartholomew for the patents in suit.

11. Plaintiff Post Media is the assignee and owner of all right, title and interest in and to each of the patents in suit. Post Media's ownership interest includes but is not limited to the

right to assert all causes of action and obtain any remedies for infringement of the patents in suit, including damages for infringement that predates their assignment to Post Media.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,069,310

12. The allegations set forth in the paragraphs 1 through 11 above are incorporated into this First Count for Relief.

13. On June 27, 2006, U.S. Patent No. 7,069,310 ("the '310 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '310 patent is attached as Exhibit 1.

14. The inventive embodiments of the '310 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

15. The claims of the '310 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the '310 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

16. The claims of the '310 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks. The '310 patent claims thus include improvements for, for example, embedding media information and propagating changes in the media information to yield a desired result.

17. The technology claimed in the '310 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor does it preempt any other well-known or prior art technology.

18. Accordingly, each claim of the '310 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

19. Upon information and belief, Defendant has and continues to directly infringe at least claim 1 of the '310 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback (the "'310 Accused Instrumentalities"). The '310 Accused Instrumentalities include at least the Apple Music web service, as well as equipment, software, and applications implementing that service.

20. On information and belief, the '310 Accused Instrumentalities infringe at least claim 1 of the '310 patent. A comparison of the Apple Music web service with claim 1 of the '310 patent is attached as Exhibit 2.

21. On information and belief, these '310 Accused Instrumentalities are marketed to, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

22. Defendant was made aware of the '310 patent and its infringement thereof at least as early as the filing of this Complaint.

23. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '310 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively

aiding and abetting others' infringement—including but not limited to the infringement of Defendant's partners, clients, customers, and end users whose use of the '310 Accused Instrumentalities constitutes direct infringement of at least one claim of the '310 patent.

24. In particular, Defendant has aided and abetted others' infringement of the '310 patent by at least advertising and distributing the '310 Accused Instrumentalities and providing instruction materials, training, and services regarding the '310 Accused Instrumentalities to others. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Defendant has had actual knowledge of the '310 patent and knowledge that its acts were inducing infringement of the '310 patent since at least the date Defendant received notice that such activities infringed the '310 patent.

25. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '310 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '310 patent. The '310 Accused Instrumentalities are a material component for use in practicing the '310 patent, are specifically made in a way to enable infringement of the '310 patent, and are not a staple article of commerce suitable for substantial non-infringing use.

26. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,472,175**

27. The allegations set forth in paragraphs 1 through 26 above are incorporated into this Second Count for Relief.

28. On December 30, 2008, U.S. Patent No. 7,472,175 ("the '175 patent"), entitled "System for Creating and Posting Media for Sharing on a Communication Network," was duly

and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '175 patent is attached as Exhibit 3.

29. The inventive embodiments of the '175 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

30. The claims of the '175 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the '175 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

31. The claims of the '175 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks. The '175 patent claims thus include improvements for, for example, embedding media information and propagating changes in the media information to yield a desired result.

32. The technology claimed in the '175 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor does it preempt any other well-known or prior art technology.

33. Accordingly, each claim of the '175 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

34. Upon information and belief, Defendant has infringed and continues to directly infringe at least claim 1 of the '175 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback (the "'175 Accused Instrumentalities"). The '175 Accused Instrumentalities include at least the Apple Music web service, as well as equipment, software, and applications implementing that service.

35. On information and belief, the '175 Accused Instrumentalities infringe at least claim 1 of the '175 patent. A comparison of the Apple Music web service with claim 1 of the '175 patent is attached as Exhibit 4.

36. On information and belief, these '175 Accused Instrumentalities are marketed to, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

37. Defendant was made aware of the '175 patent and its infringement thereof at least as early as the filing of this Complaint.

38. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '175 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others' infringement—including but not limited to the infringement of Defendant's partners, clients, customers, and end users whose use of the '175 Accused Instrumentalities constitutes direct infringement of at least one claim of the '175 patent.

39. In particular, Defendant has aided and abetted others' infringement of the '175 patent by at least advertising and distributing the '175 Accused Instrumentalities and providing instruction materials, training, and services regarding the '175 Accused Instrumentalities to

others. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Defendant has had actual knowledge of the '175 patent and knowledge that its acts were inducing infringement of the '175 patent since at least the date Defendant received notice that such activities infringed the '175 patent.

40. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '175 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '175 patent. The '175 Accused Instrumentalities are a material component for use in practicing the '175 patent and are specifically made in a way to enable infringement of the '175 patent, and are not a staple article of commerce suitable for substantial non-infringing use.

41. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,725,832**

42. The allegations set forth in the paragraphs 1 through 41 above are incorporated into this Third Count for Relief.

43. On May 13, 2014, U.S. Patent No. 8,725,832 ("the '832 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '832 patent is attached as Exhibit 5.

44. The inventive embodiments of the '832 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

45. The claims of the '832 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the '832 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

46. The claims of the '832 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks. The '832 patent claims thus include improvements for, for example, embedding media information and propagating changes in the media information to yield a desired result.

47. The technology claimed in the '832 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor does it preempt any other well-known or prior art technology.

48. Accordingly, each claim of the '832 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

49. Upon information and belief, Defendant has infringed and continues to directly infringe at least claims 1 and 17 of the '832 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback (the "'832 Accused Instrumentalities"). The '832 Accused Instrumentalities include at least the Apple Music web service, as well as equipment, software, and applications implementing that service.

50. On information and belief, the '832 Accused Instrumentalities infringe at least claim 1 of the '832 patent. A comparison of the Apple Music web service with claim 1 of the '832 patent is attached as Exhibit 6.

51. On information and belief, the '832 Accused Instrumentalities infringe at least claim 17 of the '832 patent. A comparison of the Apple Music web service with claim 17 of the '832 patent is attached as Exhibit 7.

52. On information and belief, the '832 Accused Instrumentalities are marketed to, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

53. Defendant was made aware of the '832 patent and its infringement thereof at least as early as the filing of this Complaint.

54. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '832 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others' infringement—including but not limited to the infringement of Defendant's partners, clients, customers, and end users whose use of the '832 Accused Instrumentalities constitutes direct infringement of at least one claim of the '832 patent.

55. In particular, Defendant has aided and abetted others' infringement of the '832 patent by at least advertising and distributing the '832 Accused Instrumentalities and providing instruction materials, training, and services regarding the '832 Accused Instrumentalities to others. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Defendant has had actual knowledge of the '832 patent and knowledge that its acts were inducing infringement

of the '832 patent since at least the date Defendant received notice that such activities infringed the '832 patent.

56. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '832 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States media content delivery in shared networks to be especially made or adapted for use in an infringement of the '832 patent. The '832 Accused Instrumentalities are a material component for use in practicing the '832 patent and are specifically made in a way to enable infringement of the '832 patent, and are not a staple article of commerce suitable for substantial non-infringing use.

57. Plaintiff has been harmed by Defendant's infringing activities.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,959,181**

58. The allegations set forth in the paragraphs 1 through 57 above are incorporated into this Fourth Claim for Relief.

59. On February 17, 2015, U.S. Patent No. 8,959,181 ("the '181 patent"), entitled "System and Method for Creating and Posting Media Lists for Purposes of Subsequent Playback," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '181 patent is attached as Exhibit 8.

60. The inventive embodiments of the '181 patent resolve technical problems related to a specific functionality of computers and networks (*e.g.* Internet or other networks) to post, share, and playback media, overcoming posting and interface issues specific to different computing systems and accounts on shared networks.

61. The claims of the '181 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the '181 patent recite one or more inventive concepts that are

rooted in computerized electronic data communications networks, and an improved method to deliver content and provide interface among different accounts and computing systems.

62. The claims of the '181 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, among other things, the invention adds new features to deliver content, integrate application interfaces and other protocols together on shared networks. The '181 patent claims thus include improvements for, for example, of embedding information and propagating changes in the information to yield a desired result.

63. The technology claimed in the '181 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor does it preempt any other well-known or prior art technology.

64. Accordingly, each claim of the '181 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

65. Upon information and belief, Defendant has infringed and continues to directly infringe at least claim 19 of the '181 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a system directed to a specific functionality of computers and networks to share media for playback (the "'181 Accused Instrumentalities"). The '181 Accused Instrumentalities include at least the Apple Music web service, as well as equipment, software, and applications implementing that service.

66. On information and belief, the '181 Accused Instrumentalities infringe at least claim 19 of the '181 patent. A comparison of the Apple Music web service with claim 19 of the '181 patent is attached as Exhibit 9.

67. On information and belief, these '181 Accused Instrumentalities are marketed to, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

68. Defendant was made aware of the '181 patent and its infringement thereof at least as early as the filing of this Complaint.

69. Upon information and belief, since at least the filing of this Complaint, Defendant has induced and continues to induce others to infringe at least one claim of the '181 patent under 35 U.S.C. § 271(b) by, among other things, with specific intent or willful blindness, actively aiding and abetting others' infringement—including but not limited to the infringement of Defendant's partners, clients, customers, and end users whose use of the '181 Accused Instrumentalities constitutes direct infringement of at least one claim of the '181 patent.

70. In particular, Defendant has aided and abetted others' infringement of the '181 patent by at least advertising and distributing the '181 Accused Instrumentalities and providing instruction materials, training, and services regarding the '181 Accused Instrumentalities to others. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement since Defendant has had actual knowledge of the '181 patent and knowledge that its acts were inducing infringement of the '181 patent since at least the date Defendant received notice that such activities infringed the '181 patent.

71. Upon information and belief, since at least the filing of this Complaint, Defendant is liable as a contributory infringer of the '181 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized trading platforms to be especially made or adapted for use in an infringement of the '181 patent. The '181 Accused

Instrumentalities are a material component for use in practicing the '181 patent and are specifically made in a way to enable infringement of the '181 patent, and are not a staple article of commerce suitable for substantial non-infringing use.

72. Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '310, '175, '832, and '181 patents;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '310, '175, '832, and '181 patents, but in no event less than a reasonable royalty, together with interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: August 16, 2019	Devlin Law Firm LLC

<u>/s/ Chad Henson</u>
Neil Benchell
nbenchell@devlinlawfirm.com
815 North Elmwood Ave.
Oak Park, IL  60302

Clifford Chad Henson (Texas 24087711)
chenson@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Srikant Cheruvu (*pro hac vice* to be filed)
scheruvu@devlinlawfirm.com
1526 Gilpin Ave
Wilmington, Delaware 19806
Telephone: (302) 449-9002
Facsimile: (302) 353-4215

*Attorneys for Plaintiff*
*Post Media Systems LLC*