**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| POST MEDIA SYSTEMS LLC, | CASE NO. 1:19-cv-05538 |
| Plaintiff, | Hon. Charles P. Kocoras |
| v. | |
| APPLE INC., | |
| Defendant. | |

**THIRD-PARTY GOOGLE LLC'S UNOPPOSED MOTION FOR REASSIGNMENT AND CONSOLIDATION AND MEMORANDUM OF LAW IN SUPPORT**

Third-Party Google LLC ("Google"), by and through its attorneys, brings this unopposed Motion for Reassignment and Consolidation and Memorandum of Law in Support pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a)(2). Local Rule 40.4 permits "any party to a [related] case" to file a motion for reassignment in the "lowest-numbered case of the claimed related set." L.R. 40.4(c). Here, Google seeks an order (i) reassigning *Post Media Sys. LLC v. Google LLC*, Case No. 1:19-cv-05539 (N.D. Ill.), (the "Google Action") to the Honorable Charles P. Kocoras and (ii) consolidating, for pre-trial purposes only, the Google Action with *Post Media Sys. LLC v. Apple Inc.*, Case No. 1:19-cv-05538 (N.D. Ill.) (the "Apple Action").

Counsel for Google met and conferred with counsel for Plaintiff Post Media Systems LLC ("Post Media") about reassignment on December 12, 2019. Post Media has stated that it does not oppose reassignment. Counsel for Google also met and conferred with counsel for Defendant Apple Inc. ("Apple") about reassignment on December 12, 2019. Apple similarly stated that it does not oppose.

**I.       INTRODUCTION**

On August 16, 2019, Post Media filed the Apple Action, which was assigned to Judge Kocoras under the case number 1:19-cv-05538. Dkt. No. 1. That same day, Post Media filed an almost verbatim complaint against Google in the Google Action, which was assigned to Judge Harry D. Leinenweber under the case number 1:19-cv-05539. The complaint in the Google Action is attached as Exhibit 1. In the Google Action and the Apple Action, Post Media alleges that the defendants infringe the same four patents. Post Media has already designated those actions as "Related Cases." Dkt. No. 2 at 2.[1]

As explained more fully below, the Apple Action and the Google Action are indeed related under Local Rule 40.4 as they share common questions of law and fact. Accordingly, Google respectfully requests that this Court enter an order designating the Google Action, Case No. 1:19-cv-05539, as related to the instant lawsuit, Case No. 1:19-cv-05538, reassigning the case to Judge Kocoras, and consolidating the cases for pre-trial proceedings.

**II.      LEGAL STANDARD**

"If actions before the court involve a common question or law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). When related suits "are pending in the same court," the "best means of avoiding wasteful overlap . . . is to consolidate all before a single judge." *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019). Under Local Rule 40.4(b), "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge[.]" L.R. 40.4(b). Cases are related if they (1) involve the same property, (2) involve some of the same issues of fact or law,

---

[1] Post Media also designated a third action – *Post Media Sys. LLC v. Pandora Media, LLC, et al.*, Case No. 1:19-cv-05540 (N.D. Ill.) – as a "Related Case." Counsel for Google has met and conferred with counsel for Pandora regarding this Motion, and Pandora does not oppose.

2

(3) grow out of the same transaction or occurrence, or (4) in class action suits, if one or more of the classes involved is the same. L.R. 40.4(a). "Local Rule 40.4(a) 'does not require complete identity of issues in order for cases to be considered related' . . . rather it is enough that the two cases 'involve *some* of the same issues of fact or law.'" *Gautreaux v. Chicago Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *2 (N.D. Ill. Oct. 9, 2013) (internal citations omitted).

Related cases may be reassigned to the judge overseeing the lowest-numbered case if each of the following criteria is satisfied:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The decision to reassign cases is within the discretion of the court. *Gautreaux*, 2013 WL 5567771, at *3.

### III. ARGUMENT

#### A. The Google and Apple Actions Are Related Because They Involve Some of the Same Issues of Fact or Law.

Under Local Rule 40.4(a), cases may be related if they "involve some of the same issues of fact or law." L.R. 40.4(a). Local Rule 40.4(a) "does not require exact congruence in facts and issues between two cases in order for them to be related," only that *some* of the same issues be shared. *Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 1:10-CV-04387, 2012 WL 1368193, at *2 (N.D. Ill. Apr. 19, 2012) (granting reassignment).

Post Media has already designated the Google Action and the Apple Action as "Related Cases." Dkt. No. 2 at 2. Indeed, Post Media asserts that both Google's music web service and Apple's music web service infringe the same four patents, U.S. Patent Nos. 7,069,310 (the "'310 patent"); 7,472,175 (the "'175 patent"); 8,725,832 (the "'832 patent"); and 8,959,181 (the "'181

3

patent") (collectively, the "Asserted Patents"). Dkt. No. 1 ("Apple Compl.") ¶ 8; Ex. 1 ("Google Compl.") ¶ 8.

Courts in this district regularly find cases concerning the same patent infringement claims against different defendants to be related. *See, e.g.*, *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, No. 13-CV-8413, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014) (finding relatedness and granting reassignment where infringement of the same patent would involve common factual and legal issues); *Helferich*, 2012 WL 1368193, at *2 (finding relatedness and granting reassignment where two cases involve "nearly identical alleged infringing conduct"); *Sage Prod., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (finding relatedness and granting reassignment where "[t]he cases involve the same intellectual property and both defendants have raised identical issues of fact and law."). Here, Post Media's nearly identical claims of infringement in the Apple and Google Actions involve the same issues of fact and law. For example, Post Media asserts in the Apple Action that Apple "has and continues to directly infringe at least claim 1 of the '310 patent" through the "Apple Music web service, as well as equipment, software, and applications implementing that service." Apple Compl. ¶ 19. Post Media repeats the exact same allegations in the Google Action with respect to the '310 patent, changing only the accused instrumentality from "Apple Music" to "Google Play Music." *See* Google Compl. ¶ 19. Post Media's allegations concerning the other three patents against Apple and Google follow the same pattern of substituting in "Google Play Music" for "Apple Music." *Compare* Apple Compl. ¶¶ 34, 49, 65 *with* Google Compl. ¶¶ 34, 49, 65. An electronic comparison demonstrating that the substantive allegations in both complaints are essentially identical is attached as Exhibit 2.

The cases also share multiple common issues of law. For example, the issue of proper venue under 28 U.S.C. § 1404 is common to both cases. And if the cases remain in this venue, the

claim construction issues will almost certainly be common to both cases. *Velocity*, 2014 WL 1661849, at *2 (noting that "[b]y avoiding claim construction in multiple courts, substantial judicial time and effort can be achieved by reassignment" and granting reassignment); *see also Helferich*, 2012 WL 1368193, at *2 (granting reassignment). Questions regarding the scope and content of the prior art will likely be the same in both cases. *Velocity*, 2014 WL 1661849, at *2. Legal issues regarding alleged induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c) of Asserted Patents will be common to both cases. *See* Apple Compl. ¶¶ 23-25, 38-40, 54-56, 69-71; Google Compl. ¶¶ 23-25, 38-40, 54-56, 69-71. As will issues related to the appropriateness of the relief that Post Media seeks in both cases: an adjudication of infringement, an award of damages for past infringement including royalties, a declaration that the cases are exceptional under 35 U.S.C. § 285, and an award of attorney's fees. Apple Compl. at 15; Google Compl. at 15.

Accordingly, because Post Media has designated the two cases as related and because the two cases do involve many of the same factual issues and questions of law, the Apple and Google Actions should be deemed related under Local Rule 40.4.

### B. The Google Action Should Be Reassigned to Judge Kocoras and Consolidated with the Apple Action for Pre-Trial Purposes.

Local Rule 40.4(b) states that where cases are related, they may be reassigned if each of the following criteria is satisfied:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). Additionally, Federal Rule of Civil Procedure 42 allows cases that involve common questions of law or fact to be consolidated for pre-trial purposes. *Magnavox Co. v. APF*

5

*Electronics, Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980) (consolidating three cases with identical plaintiffs involving similar claims of patent infringement against various defendants under Rule 42(a) for pretrial proceedings); *see also Sage*, 148 F.R.D. at 215 (granting pretrial consolidation of two cases brought by same plaintiff against different defendants for same patent infringement claims).  The Apple and Google Actions meet each of the criteria in Local Rule 40.4 and Rule 42.

*First,* both cases are pending in the Northern District of Illinois.

*Second*, the handling of both cases by the same judge will likely result in a substantial saving of judicial time and effort.  *Helferich*, 2012 WL 1368193, at *3 ("Due to the significant judicial time expended in becoming familiar with the technical aspects of patent cases, substantial time will be saved by reassigning this case to the earlier-assigned judge."); *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. CIV.A. 11 C 2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011) ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap.") (citing *Blair v. Equifax Check Servs.,* 181 F.3d 832, 839 (7th Cir. 1999)).  The uniformity of the plaintiffs, patents allegedly infringed, and causes of action mean the legal issues in the two cases will overlap and can be more efficiently resolved through motion practice before just one judge.  For the same reason, there will also be significant overlap in the discovery needs in these cases, such that discovery issues will also be more efficiently resolved by a single judge.  *See Garner v. Country Club Hills*, No. 11-cv-5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012) (consolidating cases under Fed. R. Civ. P. 42(a) for "coordinated pretrial proceedings" where there is a "strong commonality between the cases" and consolidating was "in the interest of judicial efficiency").

*Third,* the cases were both filed on the same day, on August 16, 2019.  *See* Apple Compl.; Google Compl.  Apple and Google each filed their answers on December 9, 2019.  *See* Dkt. No.

18; *Post Media Sys. LLC v. Google LLC*, Case No. 1:19-cv-05539, Dkt. No. 17 (N.D. Ill.). Neither case has progressed to the point where designating a higher-numbered case as related would delay the proceedings in the earlier case. Indeed, Google is amenable to proceeding on the same schedule proposed by the parties to the Apple Action. Dkt. No. 23-1. Reassigning the cases to a single judge and consolidating the cases for pre-trial purposes will maximize efficiency for all parties and avoid the possibility of duplicative motion practice and inconsistent rulings.

*Finally*, the cases are susceptible of disposition in a single proceeding. With respect to this factor, "the issue is whether both actions involve fundamentally similar claims and defenses that will likely be amendable [sic] to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial." *Velocity*, 2014 WL 1661849, at *2; *see also Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011) ("[C]onsolidation may be ordered where there is a risk of inconsistent rulings."). Although Google seeks consolidation pursuant to Rule 42(a) only for pre-trial purposes, many issues in the case can be resolved in a single proceeding. For example, claim construction may be resolved through a single *Markman* hearing. Similarly, patent eligibility (§ 101), invalidity (§§ 102, 103), and written description (§ 112) issues may be resolved through dispositive motions in a single proceeding. As such, consolidating these cases into a single proceeding for pre-trial purposes will maximize efficiency without prejudicing any party. *Helferich*, 2012 WL 1368193, at *3 ("[R]eassignment does not even require the eases to be disposed of at the same time; they merely need to be susceptible to disposition at the same time.").

\*         \*         \*

Pursuant to Local Rule 40.4(c), a copy of the complaint in the higher-numbered Google Action is attached hereto as Exhibit 1. An electronic comparison demonstrating that the

7

substantive allegations in both complaints are essentially identical is attached at Exhibit 2. A courtesy notice attaching this motion will be filed on the docket in the Google Action.

## IV. CONCLUSION

For these reasons, Google requests that this Court grant this unopposed Motion and enter a finding (1) that *Post Media Sys. LLC v. Google LLC*, Case No. 1:19-cv-05539, and *Post Media Sys. LLC v. Apple Inc.*, Case No. 1:19-cv-05538, are related within the meaning of Local Rule 40.4; and (2) that the higher-numbered case, *Post Media Sys. LLC v. Google LLC*, Case No. 1:19-cv-05539, should be reassigned to this Court and consolidated for pre-trial purposes with *Post Media Sys. LLC v. Apple Inc.*, Case No. 1:19-cv-05538. Pursuant to Local Rule 40.4(d), Google further requests that such a finding be forwarded to the Executive Committee together with a request that the Committee reassign the higher-number case.

Dated:  December 16, 2019 　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ *Brianne Straka*
　　　　　　　　　　　　　　　　　　　　Brianne Straka

　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　SULLIVAN LLP
　　　　　　　　　　　　　　　　　　　　191 N. Wacker Drive, Suite 2700
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 705-7400
　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 705-7401
　　　　　　　　　　　　　　　　　　　　Email: briannestraka@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　Melissa J. Baily, *pro hac vice application forthcoming*

　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　SULLIVAN LLP
　　　　　　　　　　　　　　　　　　　　50 California Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　　San Francisco, California 94111
　　　　　　　　　　　　　　　　　　　　Telephone: (415) 875-6600
　　　　　　　　　　　　　　　　　　　　Facsimile: (415) 875-6700
　　　　　　　　　　　　　　　　　　　　Email: melissabaily@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Third-Party Google LLC*

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Third-Party Google LLC hereby certifies that on December 16, 2019, a true and correct copy of the foregoing was served to the parties electronically using the Court's CM/ECF system.

/s/ *Brianne Straka*
Brianne Straka
Attorney for Third-Party Google LLC