**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| POST MEDIA SYSTEMS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 5538 |
| | ) | |
| APPLE INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS**, District Judge:

Before the Court is Defendant Apple Inc.'s ("Apple") motion to transfer venue under 28 U.S.C. § 1404(a). For the following reasons, the Court will grant the motion.

## BACKGROUND

The following facts are taken from the record and are undisputed unless otherwise noted. Plaintiff Post Media Systems LLC ("Post") is a corporation organized under the laws of the State of Texas and maintains a place of business in Farmersville, Texas. Apple is a California corporation headquartered in Cupertino, California.

Post accuses Apple of infringing U.S. patent Nos. 7,069,310; 7,472,175; 8,725,832; and 8,959,181 (the "patents-in-suit"). These patents allegedly make up of certain functionalities in the Apple Music web service. Specifically, Post accuses the "Stations," "Recently Played," and "Get Apple Music Notifications" aspects of Apple Music to infringe on the patents-in-suit. Apple's management, primary research and

development, and marketing facilities are in Cupertino and Sunnyvale, which are in the Northern District of California. Apple's ties to this District are the same ties it has to many other districts: retail stores are located here.

Post filed this patent infringement suit against Apple on August 16, 2019. Apple moves to transfer venue to the Northern District of California under 28 U.S.C. § 1404(a).

## **LEGAL STANDARD**

In relevant part, 28 U.S.C. § 1404(a) states:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought….

Transfer of venue under § 1404(a) is appropriate when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses, as well as the interests of justice." *Cent. States Se. & Sw. Areas Pension Fund v. Mills Inv., LLC*, 2011 WL 4901322, at *1 (N.D. Ill. 2011) (*quoting First Nat'l Bank v. El Camino Res.*, 447 F. Supp. 2d 902, 911 (N.D. Ill. 2006)). In ruling on a § 1404(a) motion, "the Court considers the relevant factors in light of all the circumstances of the case, an analysis that necessarily involves a large degree of subtlety and latitude," *Luera v. Godinez*, 2015 WL 1538613 (N.D. Ill. 2015), and is therefore "committed to the sound

discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

## DISCUSSION

The parties do not dispute the propriety of venue here or in the Northern District of California. Therefore, the only issue present before the Court is whether transfer will serve the interests of justice and the convenience of the parties and witnesses. In making this assessment, the Court must address the private and public interests involved. *Mills Inv.*, 2011 WL 4901322, at *2; *Cent. States, Se. & Sw. Areas Pension Fund v. Heid*, 1994 WL 55696, at *2 (N.D. Ill. 1994).

### I. Convenience Factors and Private Interest

In assessing the convenience of the parties, courts consider: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." *Mills Inv.*, 2011 WL 4901322, at *2.

#### A. Post's Choice of Forum

There is a strong presumption in favor of a plaintiff's choice of forum if it is where the plaintiff resides. *Doe v. Lee*, 2019 WL 247536, at *4 (N.D. Ill. 2019). Where a plaintiff does not reside in his chosen forum, the deference owed his choice is "substantially reduced." *Johnson v. United Airlines, Inc.*, 2013 WL 323404, at *5 (N.D. Ill. 2013); *see also C. Int'l, Inc. v. Turner Constr. Co.*, 2005 WL 2171178, at *1 (N.D.

Ill. 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.").

Post is a Texas corporation with no links to Illinois. Its only member and manager is Erik Stamell, who lives in Bloomfield Hills, Michigan. Apple is a California corporation. It allegedly designed and developed the infringing services at its headquarters in Cupertino, California. None of the allegedly infringing systems are in Illinois. And Illinois has no greater connection to the facts at issue than any other district. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) (giving some, but not all, deference to plaintiff's choice of forum because Illinois lacked a connection to the underlying case).

Given these facts, the Court finds this factor weighs in favor of transfer. Contrary to Post's contention, the existence of Apple stores throughout Illinois cannot swing the balance for this factor. *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999) ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states.").

### B. Situs of Material Events

In patent cases, courts focus on the location of the infringer's principal place of business since these cases center on the infringer's activities and documents. *Body Sci. LLC. v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 993 (N.D. Ill. 2012); *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F. Supp. 470, 474 (N.D. Ill. 1992).

Though this factor weighs against a plaintiff's forum choice, it is not sufficient—on its own—to override that choice. *Abbott Labs. v. Church & Dwight, Inc.*, 2007 WL 3120007, at *3 (N.D. Ill. 2007) ("[A] defendant seeking to transfer venue to another district cannot simply point to its principal place of business in another district and prevail automatically. The Court must give appropriate weight to the plaintiff's forum choice."). As noted, deference for a plaintiff's choice of forum is diminished when a plaintiff does not reside in the chosen forum. *Johnson*, 2013 WL 323404, at *5. That deference is further diminished when the forum of choice is not the situs of material events. *More Cupcakes, LLC v. Lovemore LLC*, 2009 WL 3152458, at *6 (N.D. Ill. 2009).

Here, Post's choice of forum is owed little deference because it does not reside in Illinois, and Illinois has little connection to the litigation. In contrast, Apple is headquartered in Cupertino, California. The sole inventor of the patents-in-suit appears to reside in Los Angeles, California. And the original and previous assignee of the patents-in-suit, is in Pasadena, California. The Court therefore finds this factor supports transfer.

**C. Relative Ease of Access to Sources of Proof**

Apple next argues that the case should be transferred to California because a significant portion of the employees who work and have worked on the allegedly infringing functionalities are in the Northern District of California. Documents relating

to predecessor technologies are in California. However, Apple concedes that some documents are in London, England, which makes them marginally less accessible from the Northern District of California compared to Illinois.

"In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, is no more costly than transferring them across town." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009). Nevertheless, the documents are not the only consideration at issue here. The Court notes that the infringing systems and its developers are also located in California, which leads us to conclude that this factor also weighs in favor of transfer. *See Leuders v. 3M Co.*, 2008 WL 2705444, at *3 (N.D. Ill. 2008) ("When documents are easily transferable, access to proof is a neutral factor.").

### D. Convenience of the Parties

"In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum." *McCain Foods Ltd. v. J.R. Simplot Co.*, 2017 WL 3432669, at *4 (N.D. Ill. 2017). A case should not be transferred, however, where doing so would shift the inconvenience from one party to another. *Sage Prods., Inc. v. Devon Indus., Inc*., 148 F.R.D. 213, 216 (N.D. Ill. 1993).

The Court also considers the necessity of travel for each party in this analysis. *Body Sci.*, 846 F. Supp. 2d at 997. "[W]here Plaintiff must travel regardless of whether this [C]ourt transfers venue, but Defendants must travel only if the case proceeds in Illinois, [the convenience of parties] factor weighs in favor of transfer." *Id*.

Apple is headquartered in the Northern District of California and largely designed, developed, and managed the allegedly infringing functionalities there. It would not incur much expense to travel to the Northern District of California as compared to the cost it would incur traveling to Chicago. On the other hand, Post contends that flights from Dallas to California are two hours longer than flights from California to Chicago. It also argues that the cost of flying from Dallas to Chicago is less than that of Dallas to California or California to Chicago. Thus, Post would incur more cost in traveling to California than it would to Chicago. Notwithstanding Post's contentions, the fact that Apple need only travel if we deny transfer while Post must travel regardless of our decision swings this factor in favor of transfer.

**E. Convenience of the Witnesses**

Convenience of witnesses is "often viewed as the most important factor in the transfer balance." *Brandon Apparel Grp., Inc. v. Quitman Mfg. Col.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) (citation omitted). The Court gives less weight to the convenience of party witnesses because we presume that they will appear at trial voluntarily. *See AL & PO Corp. v. Amer. Healthcare Capital, Inc.*, 2015 WL 738694,

7

at *4 (N.D. Ill. 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 4104355, at *4 (N.D. Ill. 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily.").

Apple has identified at least two non-party witnesses material to the case: Alan Bartholomew, the sole named inventor of the patents-in-suit, and Trio Systems, LLC, the original and previous assignee of the patents-in-suit. Apple further identified several prior art witnesses that live in California. While Post correctly points out that prior art witnesses rarely testify at trial, that is because most testimony is elicited from named inventors of the patents-in-suit and expert witnesses. *See PersonalWeb Techs, LLC v. NEC Corp. of Am., Inc.*, 2013 U.S. Dist. LEXIS 46296 at *32–33 n.13 (E.D. Tex. 2013). Since the named inventor and prior assignee of the patents-in-suit are both in California and because Post has identified no witnesses who would be inconvenienced by traveling to California, the Court believes this factor also supports transfer.

## II. Justice Factors

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v.*

*Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as: "(1) how quickly the case will proceed to trial; (2) the court's familiarity with the applicable law; and (3) the relationship of the parties to and the desirability of resolving the controversy in a particular community." *Mills Inv.*, 2011 WL 4901322, at *2.

Post primarily argues that transfer would not serve the interests of justice because Post has two other suits with identical issues against separate defendants pending in this District. Thus, Post contends that transfer would not serve judicial economy where identical issues might be decided by different courts.

But as the Court noted at a status hearing on December 17, 2019, those cases are pending before other judges in this District, and this Court does "not know about other cases and another defendant, Google." 1:19-cv-05538, Dkt. # 35-2 at 3:1–16. Though a motion to consolidate the other cases is pending before this Court, Post's counsel urged the Court to decide this motion to transfer before ruling on consolidation. Counsel said that Post did not "believe that the consolidation should impact any decision regarding the motion to transfer." *Id.* at 3:2–7. The Court was candid in notifying counsel that this motion is self-contained and will be decided separately from any other pending cases. That two other cases with identical issues are pending in this District is, therefore, of no consequence to our analysis.

9

### A. Speed of Trial

This District's estimated patent case schedule provides for less than two years from filing to trial. The average time for trial of patent cases in the Northern District of California is over three years. This factor weighs against transfer.

### B. Court's Familiarity with Applicable Law

Patent infringement is a question of federal law, and both the Northern District of California and this Court can equally resolve this case. *See Body Sci.*, 846 F. Supp. 2d at 998 (finding that the transferring court and any transferee court were equally equipped to handle patent the infringement case). This factor is neutral.

### C. Relationship of the Parties to the Community

"Where an accused product is distributed and sold throughout the United States, several states share an interest in redressing the alleged infringement." *Body Sci.*, 846 F. Supp. 2d at 998 (internal citations omitted). However, the forum where the alleged infringing products were researched, developed, tested, marketed, and sold has a greater interest than other forums where the products were sold. *Id.*

While the product was distributed throughout the United States—and in Illinois—the design, engineering, and marketing of the accused functionalities was conducted by a company based in California. Thus, California has a greater interest in resolving this dispute than other states where the product was sold because California is the forum where the infringing products originated. This factor supports transfer.

* * *

Combined, the interest of justice, the convenience to non-party witnesses, California being the situs of material events, and the dispute's ties to the Northern District of California warrant transfer under § 1404(a).

## **CONCLUSION**

For the reasons mentioned above, the Court grants Apple's motion to transfer to the Northern District of California. It is so ordered.

Dated: 02/20/2020

_____
Charles P. Kocoras
United States District Judge